IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CASE NO. 2:05-cv-379-WKW (WO) |
| BRENDA CAUSEY and KENNETH W. CAUSEY, ) ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

State Farm Mutual Automobile Insurance Company ("State Farm") brings this declaratory judgment action to establish the rights of Defendants Brenda Causey and Kenneth W. Causey ("Defendants"), who are insureds of State Farm under Brenda Causey's uninsured-underinsured motorist ("UM/UIM") coverage,[1] stemming from a collision with a street-sweeper vehicle owned by the City of Montgomery ("City") and operated by one of its employees. State Farm asks the court to declare that it has no obligation to pay UIM benefits to the defendants as a result of the accident. This cause is before the court for consideration of the parties' cross motions for summary judgment. (Docs. # 14 and 27.) For the reasons set forth below, Defendants' motion (Doc. # 14) is due to be DENIED, State Farm's motion (Doc. # 27) is due to be GRANTED, and State Farm's request for declaratory judgment is due to be GRANTED.

---

[1] Under-insured motorist ("UIM") coverage in Alabama arises out of the uninsured motorist ("UM") statute, Ala. Code § 32-7-23 (1975), discussed *infra*. *See Lowe v. Nationwide Ins. Co.*, 521 So.2d 1309, 1309 n.1 ("As statutorily defined, '*un* insured motorist' includes '*under* insured' motorist").

## I.   FACTS AND PROCEDURAL HISTORY

On May 8, 2004, a City street-sweeper collided with Brenda Causey's vehicle.  In January 2005, the City settled the Causeys' claim against it and its employee for $100,000, which was its policy limits and the statutory maximum in Alabama for recovery against a municipality and its employee.[2]  Mrs. Causey now seeks recovery against her UIM carrier, State Farm, for underinsured motorist benefits for damages over the statutory cap.  Having investigated Mrs. Causey's claim, State Farm agrees that the total value of her claim against the City is at least $175,000.   The parties agree that there are no disputed material facts.  The only issue involves a question of law: when the alleged tortfeasor is a municipality which enjoys the benefit of a statutory cap on damages, can an insured recover UIM benefits in excess of the statutory cap from the insured's own UIM carrier?[3]

---

[2]   The statutory maximum is provided in Alabama's municipal cap:

> No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his or her duty, or unless the said injury or wrong was done or suffered through the neglect or carelessness or failure to remedy some defect in the streets, alleys, public ways or buildings after the same had been called to the attention of the council or other governing body or after the same had existed for such an unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council or other governing body and whenever the city or town shall be made liable for damages by reason of the unauthorized or wrongful acts or negligence, carelessness or unskillfulness of any person or corporation, then such person or corporation shall be liable to an action on the same account by the party so injured. However, no recovery may be had under any judgment or combination of judgments, whether direct or by way of indemnity under Section 11-47-24, or otherwise, arising out of a single occurrence, against a municipality, and/or any officer or officers, or employee or employees, or agents thereof, in excess of a total $100,000 per injured person up to a maximum of $300,000 per single occurrence, the limits set out in the provisions of Section 11-93-2 notwithstanding.

Ala. Code § 11-47-190 (1975).

[3]   State Farm posited the following as the issue agreed by the parties: "whether an insured can recover underinsured motorist benefits from her own UIM carrier when the alleged tortfeasor is a municipality and enjoys the benefit of a statutory cap on damages."  Pl. Br. n.1.  As stated, this proposition fails to address the exact issue here: recovery of damages in excess of the cap when the cap amount has been recovered by the party with UIM benefits.  It also fails to account for the possibility of a municipality being insured for less than the cap when the injured party is entitled to recovery in excess of the amount of insurance available, up to the cap amount of $100,000.

## II.   JURISDICTION AND VENUE

Because more than $75,000 is in controversy and State Farm is a citizen of a different state than Defendants, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of both.

## III.   SUMMARY JUDGMENT STANDARD

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It "is justified only for those cases devoid of any need for factual determinations." *Offshore Aviation v. Transcon Lines, Inc.*, 831 F.2d 1013, 1016 (11th Cir. 1987) (internal quotation marks and citation omitted); *see also United States v. Oakley*, 744 F.2d 1553, 1555-56 (11th Cir. 1984) (recognizing that cross-motions may be probative of the absence of a factual dispute where they reflect general agreement by the parties as to the dispositive legal theories and material facts). Because of the absence of a factual dispute in this case, and the parties' agreement as to the governing law and the material facts, the motions for summary judgment will be addressed and resolved as a matter of law. In diversity cases, federal courts are required to apply the law of the state in which they sit. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").

## IV.   DISCUSSION

Because Brenda Causey collided with a City vehicle, the threshold question is whether that vehicle is an "uninsured motor vehicle" under the terms of the policy. Defendants are insured under a policy which provides:

> We will pay damages for ***bodily injury*** an ***insured*** is legally entitled to collect from the owner or driver of an ***uninsured motor vehicle***. The ***bodily injury*** must be sustained

>by an *insured* and caused by accident arising out of the operation, maintenance or use of an **uninsured motor vehicle**.
>
>*Uninsured Motor Vehicle* – means:
>
>>1. a land motor vehicle, the ownership, maintenance or use of which is:
>>   . . .
>>   b. insured or bonded for bodily injury liability at the time of the accident; but . . .
>>   . . .
>>>(3) the sum of the limits of liability under all bonds and policies that apply are less than the damages the *insured* is legally entitled to recover.

(Policy 11.) The policy language tracks Alabama law governing UIM coverage:

>(a) No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom . . . .
>
>(b) The term "uninsured motor vehicle" shall include, but is not limited to, motor vehicles with respect to which . . .
>
>>(4) The sum of the limits of liability under all bodily injury liability bonds and insurance policies available to an injured person after an accident is less than the damages which the injured person is legally entitled to recover.

Ala. Code § 32-7-23 (1975). UIM coverage is a subset of UM coverage, created by subsection (b)(4) of § 32-7-23. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Scott*, 707 So. 2d 238 (Ala. 1997). "It differs from typical UM coverage because UM coverage takes the place of nonexistent liability coverage. UIM coverage pays in excess of *existing* liability coverage, where the liability coverage is inadequate to fully compensate the claimant." *Alabama Ins. Guar. Ass'n v. Hamm*, 601 So. 2d 419, 423 (Ala. 1992) (internal citation omitted).

The policy and the statute link the definition of uninsured motor vehicle to "legally entitled to recover," a phrase which is not defined in the policy or in the statute. Defendants contend "legally entitled to recover" denotes the damages necessary to fully compensate Defendants for their injuries. State Farm contends "legally entitled to recover" is what Defendants could be awarded in a court of law in a direct action against the City and its employee, i.e., $100,000 due to the statutory cap. There is no dispute that the municipal cap applies to Defendants' claim against the City and its employee. *See Benson v. City of Birmingham*, 659 So. 2d 82, 84 (Ala. 1995) (holding that judgments must be reduced to $100,000 "when a defendant is determined to be a governmental entity"). State Farm characterizes the cap as a defense available to the insurance carrier because it is available to the tortfeasor. Defendants insist the cap is merely a post-verdict remedy, and that this situation is no different than where a claimant's recovery against the tortfeasor is limited by the tortfeasor's policy limits.

The relationship of the UM statute to Alabama's cap on awards against municipalities and their employees has not been specifically addressed by the Alabama Supreme Court. However, that Court has clearly interpreted the phrase "legally entitled to recover" and its interaction with other statutory and doctrinal bars to recovery. Based upon a careful reading of the applicable state precedent, this court finds that Defendants are "legally entitled to recover" under their UIM coverage what they could recover in a direct suit against the tortfeasors who damaged them. If, in a direct suit against those tortfeasors, Defendants' recovery would be limited to a statutory maximum, as Defendants' recovery is limited here by Alabama's municipal cap, then that statutory maximum applies to Defendants' UIM claim against their insurer.

This result is required by a recent opinion of the Alabama Supreme Court on the meaning of "legally entitled to recover."  In *Ex parte Carlton*, 867 So. 2d 332 (Ala. 2003), the Supreme Court expressly overruled a line of cases which had held that an insured could recover UM benefits *despite* bars to recovery from the tortfeasor created by statute or immunity doctrines.  *Id*. at 338.  As a passenger, Carlton was injured because of the negligent driving of his co-employee during the course of their employment.  *Id*. at 333.  He received workers' compensation benefits from his employer, but those benefits were presumably insufficient to make him whole.  *Id*.  He sought damages under the uninsured motorist coverage from his mother's insurance company, which refused to pay.  *Id*.  The insurer did not dispute that he was an insured under his mother's policy but claimed that he was not "legally entitled to recover" under both the UIM statute and the policy because he could not recover anything in a direct suit against the tortfeasors – his co-employee and his employer.  The insurer's specific argument was that Carlton could not recover because Alabama's Workers' Compensation Act, Ala. Code § 25-5-1 *et seq.*, makes workers' compensation benefits the exclusive remedy when one is injured by a co-employee tortfeasor.  *See id*. § 25-5-11.

The insured in *Carlton* relied upon a line of Alabama cases which held that an insured could recover UM benefits *despite* bars to recovery from the tortfeasor created by statute or immunity doctrines.  *See Hogan v. State Farm Mut. Auto. Ins. Co.*, 730 So. 2d 1157 (Ala. 1998) (holding that passenger was entitled to recover UM benefits even though guest statute granted immunity to driver); *State Farm Mut. Auto. Ins. Co. v. Jeffers*, 686 So. 2d 248 (Ala. 1996) (holding that accident victim was entitled to recover UM benefits despite police officer driver's protection from liability under doctrine of Alabama substantive immunity); *State Farm Auto. Ins. Co. v. Baldwin*, 470 So. 2d 1230 (Ala. 1985) (holding that insureds were legally entitled to recover from UM carrier despite the total

bar to recovery from the tortfeasor because of governmental immunity under the *Feres* doctrine). More specifically, this line of cases supported the notion that "a defense that was personal to the uninsured motorist could not be asserted by a UM insurance carrier in defense of a claim for UM benefits." *State Farm Mut. Auto. Ins. Co. v. Mason*, No. 2050488, 2007 WL 80487, at *2 (Ala. Civ. App. Jan. 12, 2007).

      The *Carlton* Court referred to the holdings of *Hogan*, *Jeffers*, and *Baldwin* as "... carved out judicial exceptions to the legislative determination that an insured could recover uninsured-motorist benefits only when the insured was legally entitled to recover from the uninsured motorist. These were exceptions the Legislature could have provided for but did not see fit to do so." *Carlton*, 867 So. 2d at 336. The *Carlton* Court quoted with approval Justice Lyon's dissent in *Hogan*: "[T]oday's decision, like *Baldwin* and *Jeffers*, has construed that phrase to mean 'legally entitled to recover but for a defense that does not arise out of any wrongful conduct of the insured,' a defense such as immunity or an insured's status as a guest." *Id.* at 337 (quoting *Hogan*, 730 So. 2d at 1159). In adopting a literal interpretation of "legally entitled to recover," the Court in *Carlton* held that the statutory language was unambiguous with "no room for judicial construction" and that "interpretation of the words of the uninsured-motorist statute" is unnecessary. *Id*. at 338. Carlton was not injured by an "uninsured motor vehicle" because he failed to fulfill a condition precedent of the policy, *i.e.*, he was not legally entitled to recover from the co-employee tortfeasor. Because he was statutorily barred and therefore not legally entitled to recover damages from his co-employee, he was not entitled to uninsured motorist benefits. *Id*. Thus, *Carlton* ultimately stands for the proposition that "legally entitled to recover" depends entirely on the merits of the insured's claim against the tortfeasor under the laws of the state.

7

Applying the law to this case, the Defendants are "legally entitled to recover" no more than $100,000 from the City and its employee in a direct suit against those tortfeasors for this incident. State Farm's position is strengthened by the language of section 11-47-190 – ". . . no recovery may be had . . ." – which effectively forecloses legal entitlement to any damages over $100,000. Thus, the court concludes that the City's vehicle is not an "uninsured motor vehicle" for purposes of the policy and statute. Defendants cannot recover more from their insurer under UIM coverage.

This holding comports with post-*Carlton* decisions construing "legally entitled to recover." In *Continental National Indemnity Co. v. Fields*, 926 So. 2d. 1033 (Ala. 2005), the insured, who was injured in a collision with an uninsured motorist, subsequently died from an unrelated cause without having filed an action based upon the accident. Her personal representative brought an action on behalf of the insured's estate against the UM carriers for UM benefits. The insurance carriers resisted on the grounds that the insured's tort cause of action did not survive her death, thereby preventing the estate of the insured from meeting the condition precedent of the policy, i.e., establishing that it was "legally entitled to recover" against the uninsured driver.[4] Relying upon *Carlton* in holding that the estate's claim against the insurers "depends entirely on the merits of the claim against . . . the uninsured motorist," *id.* at 1037, the Alabama Supreme Court agreed with the insurers that the estate could not establish that it was legally entitled to recover:

> [The personal representative] asks us to create a new exception to the plain language of the uninsured-motorist statute, which requires the insured to be "legally entitled to recover" from the uninsured motorist. Fields, as personal representative of Tamms's estate, is not legally entitled to recover from the uninsured motorist. The uninsured-motorist statute carves out no exception for causes of action that may have been viable at one time but that are barred by a defense at the time they are filed.

---

[4] As a general rule, tort causes of action do not survive in favor of the personal representative of decedent. *See Cont'l Nat'l Indem. Co.*, 926 So. 2d at 1037.

8

> . . . Today, proceeding under *Carlton*, we refuse to return to the days of judicially created exceptions to the plain language of the uninsured-motorist statute.

*Id.* at 1038.  Judicially created exceptions to the UM statute are thus not favored.

This district court has also had occasion to follow *Carlton* in an uninsured motorist case.  In *Singleton v. Burchfield*, 362 F. Supp. 2d 1291 (M.D. Ala. 2005) (Fuller, J.), the alleged tortfeasor was acting within the scope of his employment with the United States Air Force at the time of the accident.  The victim, Singleton, sued the tortfeasor for negligent and wanton conduct, and his insurance carrier for UM coverage.  The court held that because the tortfeasor, who had absolute immunity under the Federal Tort Claims Act, had been dismissed from the suit, Singleton was not entitled to recover damages from the tortfeasor "as the plain language of § 32-7-23 requires."  *Id.* at 1297.  The court concluded that "Singleton may not recover uninsured-motorist benefits. . . ."  *Id.*

> Defendants insist that the facts of the instant case are distinguishable from *Carlton* because
>
> [T]he City and its employee do not have the benefit of absolute immunity, but are merely protected as to the amount that can be collected against them.  Mrs. Causey's situation is no different than when any other tortfeasor has insufficient liability policy limits from which the injured plaintiff can recover.  In either situation, the plaintiff accepts the tortfeasor's policy limits and then looks to his/her UIM insurance carrier to be made whole.

(Defs.' Reply Br. 5.)  In other words, it is the contention of the Defendants that insured persons who are legally entitled to recover *some* damages, but are partially barred from recovering *all* damages, should be able to treat their claim as a pure underinsured motorist claim entitling them to recover the barred amount from their UIM carrier.  This argument brings into focus the distinction between UM and UIM coverage.  Under a literal reading of "legally entitled to recover," which is the only reading permitted this court, the partial bar/total bar distinction is one without a legal difference.  "Legally entitled to recover" requires analysis of the merits of the insureds' claim and the remedies available to

9

the insureds. To recover, the insureds must be able to establish *liability*, not just *fault*.[5] The parties agree the driver of the street-sweeper was at fault; he owes damages. In this case those damages are at least $175,000. Can one then surmise that the driver is *liable* for $175,000? Clearly not. Though he is at fault, he is not liable for any amount over $100,000. Nor is his employer. *See Bensen*, 659 So. 2d at 86. The remedy of the insured against the tortfeasor is limited to $100,000. The insured can legally recover no more than that. Those are the merits of the insured's case against the tortfeasor; applying the reasoning of *Carlton*, those are also the merits of the case against the UIM carrier. Thus, the distinction between the complete bars of the Workers' Compensation Act, various forms of absolute governmental immunity, and defenses created by the guest statute and the statute of limitations, on the one hand, and the partial bar of the municipal cap on the other, is one of degree and not principle in the UM/UIM context. There is no rational basis for treating them differently solely on that distinction.

While it is true that the Alabama Supreme Court has not definitively ruled in a partial bar case involving UM/UIM coverage, it has written on and remanded a case with the exact question, i.e., the interaction of the municipal cap with underinsured insurance coverage. In *Sparks v. City of Florence*, 936 So. 2d 508 (Ala. 2006), the issues are almost identical to those of the instant case. The plaintiffs were injured in a collision with an allegedly negligent police officer on duty for the City of Florence. The plaintiffs were also insured for UM and UIM with Alfa Mutual Insurance Company ("Alfa") and so claimed in their suit against the tortfeasors and Alfa. The trial court absolved Alfa of liability for

---

[5] Defendants cite *LeFevre v. Westberry*, 590 So. 2d 154 (Ala. 1991), for the proposition that "legally entitled to recover" means "the insured must be able to establish fault on the part of the uninsured motorist, which gives rise to damages, and must be able to prove the extent of those damages." *Id.* at 157. It is understandable that a party would cite this case, because the *Carlton* Court did likewise. *Carlton*, 867 So. 2d at 334. However, in view of the holding in *Carlton*, this language is not helpful. Fault and damages are both arguably provable in all the UM/UIM cases mandating bars to recovery. The issue post-*Carlton* is not fault on the part of the tortfeasor but legal liability – whether the tortfeasor is *legally liable* for damages arising out of a breach of duty. This issue is one of remedy available to the injured party.

10

UIM coverage over the municipal cap, and certified its order as an appealable final order. The Supreme Court held that the trial court was mistaken, not because it held that Alfa was not responsible for any amount over $100,000, but because it failed to obtain record evidence that the City of Florence was in fact insured for the full $100,000. Because it did not fully adjudicate the claim against Alfa, the order was not final and, therefore, not appealable. Nevertheless, the Court did not quarrel with the trial court's finding that Alfa has "no liability to the plaintiffs for any judgment rendered in excess of $100,000 per individual. . . ." *Id.* at 512. Because it was not clear in the record whether or how much insurance was available, " . . .or, more significantly, whether the amount available will be less than the amount the [plaintiffs] are legally entitled to recover, we cannot determine whether Alfa will be called upon for uninsured/underinsured-motorist coverage." *Id.* Thus the Supreme Court accepted the trial court's ruling that the UIM carrier is not responsible for the amount over the municipal cap.

Finally, Defendants argue that the municipal cap was intended to protect municipalities and municipal employees, not UM insurers. For this proposition they cite a workers' compensation case that holds that an injured worker may claim UM/UIM benefits under his employer's automobile liability policy for an on-the-job injury caused by a third-party tortfeasor, that is, a tortfeasor who is not a co-employee or agent of the employer. *See Frazier v. St. Paul Ins. Co.,* 880 So. 2d 406 (Ala. 2003). The Alabama Supreme Court applied the *Carlton* analysis of "legally entitled to recover" in just the same way in *Frazier*, finding the exclusivity provision of the Workers' Compensation Act inapplicable as a bar to claims by injured workers against third-party tortfeasors." *Id.* at 410. In *Frazier*, the liability of the tortfeasor was *not* limited by the relevant statute;  in the instant case, the liability of the tortfeasor *is* limited by the specific statutory language of the municipal cap. Stated differently, there are statutory exceptions to the exclusivity provision of the Workers' Compensation

11

Act; there are no statutory exceptions to the municipal cap. The court finds no principled reason to ignore the statutory limitations on legal entitlement to recovery in the UM/UIM context under controlling Alabama law, including *Frazier*.[6]

## V.  CONCLUSION

The court is bound by the law as it is found, and would not deign to substitute its judgment for that of the Legislature or the highest court in Alabama. For the reasons stated above, it is ORDERED that:

1. The Motion for Summary Judgment (Doc. # 27) filed by State Farm is GRANTED;

2. The Motion for Summary Judgment (Doc. # 14) filed by the Defendants is DENIED;

3. It is DECLARED that Defendants Brenda Causey and Kenneth W. Causey are not entitled to any recovery under uninsured/underinsured motorist coverage from State Farm under policy number 463 1712-B24-01D for any claim against the City or its employee because the City street sweeper is not an "uninsured motor vehicle" for purposes of Defendants' insurance policy;

4. The parties shall bear their own costs.

A separate final judgment will be entered in accordance with this opinion and order.

DONE this 9th day of March, 2007.

                                                  /s/  W.  Keith Watkins
                                              UNITED STATES DISTRICT JUDGE

---

[6] As to the procedural application of the municipal cap, Defendants contend that the municipal cap would be applied as a post-verdict remedy rather than a defense. Assuming the verdict exceeded $100,000, they contend State Farm would be entitled to a set-off of $100,000 paid by the City and that a judgment for the balance would be entered against State Farm. The last part of this contention, however, assumes the result Defendants seek - that State Farm is liable. On the contrary, the result of this ruling is that there will be no case against State Farm.